FILED

01 JUN 28 AM 11: 43

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

*(vertical left margin text)* COPIES OF COMPLAINT WITH COPIES OF SUMMONS AND MAGISTRATE CONSENT FORM ISSUED TO ORIGINAL AND 2 COUNSEL FOR PLAINTIFF ON 6/28/2001

| | | |
|---|---|---|
| VERNON INFANTINO<br>4179 State Road<br>Akron, Ohio 44319,<br>individually and on behalf of all other<br>people similarly situated,<br><br>and<br><br>FRED ARNOTT<br>5012 Gallatin Drive<br>Newport Ritchey, Florida 34655<br>individually and on behalf of all other<br>people similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>CVS CORPORATION<br>1 CVS Drive<br>Woonsocket, Rhode Island 02895,<br><br>and<br><br>CVS RX Services, Inc.<br>1 CVS Drive<br>Woonsocket, Rhode Island 02895<br><br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.:<br><br># 5:01CV 1583<br># ORIGINAL<br><br>## JUDGE GWIN<br><br>## MAG. JUDGE LIMBERT |

# COMPLAINT

**(Unpaid Overtime Wages, Liquidated Damages, Attorneys Fees and Costs;
Fair Labor Standards Act, 29 U.S.C. §§207, 211(c), 216(b);
Ohio Minimum Fair Wage Standards Act, R.C. 4111)**

**CLASS ACTION (FRCP 23)
COLLECTIVE ACTION (29 U.S.C. §216(b))**

**JURY DEMAND ENDORSED HEREON**

## I. INTRODUCTION

1.     This action is brought concurrently as both a class action and a collective action to recover unpaid overtime compensation and liquidated damages owed to Plaintiffs and all other pharmacists employed by, or formerly employed by , Defendant CVS Corporation and affiliated companies ("Defendants") within the State of Ohio under Ohio's Minimum Fair Wage Standards Act ("MFWSA") and the Fair Labor Standards Act of 1938 ("FLSA").

2.     For at least three (3) years prior to the filing of this complaint, Defendants had a consistent policy of requiring pharmacists assigned to the retail drugstores to work in excess of 40 hours per week without paying them overtime compensation as required by federal and state wage and hour laws.

3.     .Plaintiffs seek to recover unpaid overtime compensation, including interest thereon, statutory liquidated damages, reasonable attorneys fees and litigation costs on behalf of himself and all similarly situated current and former retail drugstore pharmacists.

4.     Plaintiff will request this Court to provide notice to all current and former retail drugstore pharmacists who were employed by Defendants and worked in Ohio at any time during

the two-year period ___ or to the filing of this class action rega___ g the MFWSA pursuant to Fed. Civ. P. 23(c).

5.  Plaintiff will request this Court to authorize concurrent notice to all current and former retail drugstore pharmacists who were employed by Defendants at any time during the 3 years prior to the filing of this complaint and their right to opt into this lawsuit pursuant to FLSA, 29 U.S.C. §216(b) for the purposes of seeking unpaid overtime compensation and liquidated damages under federal law.

## II. PARTIES

### A. Plaintiffs

### Vernon Infantino

6.  Plaintiff Vernon Infantino is a resident of Summit County, Ohio.

7.  Plaintiff Infantino was a pharmacist employed by Defendants in their retail drugstores until on or about February 17, 2001.

8.  Plaintiff Infantino was compensated by Defendants on a fixed hourly-rate basis.

9.  Plaintiff Infantino's total compensation in any given pay period was dependent upon and varied in direct proportion to the number of hours actually worked by him.

10. Throughout the term of his employment, Plaintiff Infantino was routinely scheduled for and worked in excess of 40 hours per week.

11. Total compensation for Plaintiff Infantino for any given pay period was simply the extension of actual hours worked multiplied by his fixed hourly rate.

12. Plaintiff Infantino was often scheduled for and worked in excess of 60 hours per week

13. Defendants paid Plaintiff Infantino a fixed hourly rate regardless of the actual hours he

worked in any given week.

14. Defendants did not compensate Plaintiff Infantino at an overtime rate of compensation for any of the hours he worked in excess of 40 hours per week.

15. Plaintiff Infantino is not exempt from being paid overtime under the FLSA.

16. Plaintiff Infantino is not exempt from being paid overtime under the MFWSA.

17. Plaintiff Infantino is entitled to receive overtime compensation for hours he worked in excess of 40 hours each week at the rate of 1.5 times his normal hourly rate.

**Fred Arnott**

18. Plaintiff Fred Arnott is a resident of the State of Florida.

19. Plaintiff was a pharmacist employed by Defendants in their retail drugstores working in the year 2000.

20. Plaintiff Arnott was compensated by Defendants on a fixed hourly-rate basis.

21. Plaintiff Arnott's total compensation in any given pay period was dependent upon and varied in direct proportion to the number of hours actually worked by him.

22. Throughout the term of his employment, Plaintiff Arnott was routinely scheduled for and worked in excess of 40 hours per week.

23. Total compensation for Plaintiff Arnott for any given pay period was simply the extension of actual hours worked multiplied by his fixed hourly rate.

24. Defendants paid Plaintiff Arnott a fixed hourly rate regardless of the actual hours he worked in any given week.

25. Defendants did not compensate Plaintiff Arnott at an overtime rate of compensation for any of the hours he worked in excess of 40 hours per week.

26.    Plaintiff Arnott is not exempt from being paid overtime under the FLSA.

27.    Plaintiff Arnott is not exempt from being paid overtime under the MFWSA.

28.    Plaintiff Arnott is entitled to receive overtime compensation for hours he worked in

excess of 40 hours each week at the rate of 1.5 times his normal hourly rate.

**B. Defendants**

29.    Defendant CVS Corporation ("CVS") is a Rhode Island corporation doing business in the

State of Ohio.

30.    Defendant CVS RX Services, Inc. is a wholly-owned affiliate company of Defendant

CVS which is responsible for the operations of the retail drugstores of Defendant CVS

including, among other things, the payment of payroll to retail drugstore pharmacists.

31.    Each CVS Defendant acted in all respects pertinent to this action as the agent of the other

Defendant, carried out a joint scheme, business plan or policy in all respects pertinent

hereto, and the acts of each CVS Defendant are legally attributable to the other

Defendant.

**III. Factual Background**

32.    Defendants are in the business of owning and operating retail drugstores.

33.    Defendants annual total revenues exceed $20 billion with over 4100 retail drugstores in

29 states located throughout the United States.

34.    The retail drugstore segment of Defendants' business operations constitute in excess of

95% of their consolidated net sales.

35.    Defendants own and operate approximately 800 retail drugstores within the State of Ohio.

36.    Defendants employ pharmacists at each of their retail drugstores located throughout the

United States and Ohio.

37. The total number of pharmacists employed by Defendants at their retail drugstores throughout the United States is approximately 8800.

38. Defendants employ in excess of 51,000 persons.

39. All pharmacist employees of Defendants assigned to their retail drugstores are in the identical job classification.

40. All pharmacist employees of Defendants assigned to their retail drugstores have the identical job description.

41. Pharmacists of Defendants assigned to the retail drugstores throughout Ohio and the country are routinely required to work in excess of 40 hours per week.

42. Pharmacists employed by Defendants in their retail drugstores in Ohio and throughout the country are compensated on an hourly basis in the same manner and fashion as Plaintiff.

43. Defendants compensate the pharmacists it employs in its retail drugstores at a fixed hourly rate regardless of the actual hours they work in any given week.

44. Defendants do not compensate any of their pharmacist employees working in their retail drugstores at an overtime rate of compensation for any of the hours they worked in excess of 40 hours per week.

45. Pharmacist employees of Defendants who are similarly situated to Plaintiffs are not exempt from being paid overtime under the FLSA.

46. Pharmacist employees of Defendants who are similarly situated to Plaintiffs in Ohio are not exempt from being paid overtime under the MFWSA.

47. Plaintiff Infantino inquired of Defendants about being paid overtime for the hours he

worked in excess of 40 hours per week.

48.   In response to his questions, Plaintiff Infantino was told that he was "not eligible" for
overtime.

49.   Defendants are aware of the requirements of paying overtime compensation for qualified
employees pursuant to the FLSA.

50.   Defendants are aware of the requirements of paying overtime compensation for qualified
employees pursuant to MFWSA.

51.   Defendants have written policies relating to compensation for pharmacist employees
wherein they represent that pharmacists are exempt from overtime because "they are
salary exempt."

52.   All pharmacist employees of Defendants at any of their retail drugstores in the United
States are entitled to receive overtime compensation for hours they work in excess of 40
hours each week at the rate of 1.5 times their normal hourly rate.

53.   All pharmacist employees of Defendants who work in Ohio in any of its retail drugstores
are entitled to receive overtime compensation for hours they work in excess of 40 hours
each week at the rate of 1.5 times their normal hourly rate.

## IV. Class Allegations

54.   Plaintiffs brings this action as a class action pursuant to Fed. Civ. P. 23(a) and (b)(3) on
behalf of themselves and a class of employees and former employees of Defendants in the
State of Ohio who, within the applicable liability period, have worked as retail drugstore
pharmacists and have been required to work in excess of 40 hours per week without being
paid overtime compensation by Defendants as required by the MFWSA.

55.   Plaintiffs are members of the class he seeks to represent.

56.   Numerosity.  While the precise number of class members has not yet been determined, the potential numbers of the class as defined are so numerous (approximately 800 retail drugstores in Ohio) that joinder of all the members of the class is impracticable.

57.   Commonality.  There are questions of law and fact common to the class which predominate over any actions affecting only individual members of the class, including, without limitation, whether, as alleged herein, whether Defendants violated the MFWSA by (a) failing to pay overtime to retail drugstore pharmacists who worked in excess of 40 hours per week (b) failing to pay overtime with knowledge of the MFWSA.  Additionally, common questions of law and fact exist as to the applicability of professional exemptions as provided under the MFWSA and the proper method for computation of damages for violations of the MFWSA.

58.   Typicality.   The claims of the Plaintiffs are typical of the claims of the class.

59.   Adequacy of Representation. Plaintiffs will fairly and adequately represent and protect the interest of the members of the class.  Counsel representing Plaintiffs are competent and experienced in representing plaintiffs in employment litigation.

60.   Class certification is appropriate under Fed. R. Civ,. P 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class.  Each member of the class has been damages and is entitled to recovery by reason of Defendants illegal policies and/or practice of requiring retail drugstore pharmacists to work in excess of 40 hours per week without paying overtime compensation as required by the MFWSA.

## V. Collective Action Allegations

61.    This action is concurrently maintainable as "opt-in" collective action pursuant to 29

U.S.C. 216(b) as to claims under FLSA.  In addition to Plaintiffs, numerous employees

located throughout the country are similarly situated to Plaintiff with regard to job

requirements and pay provisions in that they have been denied overtime compensation

and lunch periods while working as retail drugstore pharmacists.  Plaintiffs are

representative of those other employees and is acting on behalf of their interests as well as

Plaintiffs' own interests in bringing this action.  These similarly situated employees are

known only to Defendants and are readily identifiable and locatable through Defendants'

records.  These similarly situated employees should be notified of and allowed to opt into

this action, pursuant to 29 U.S.C. 216(b) for the purpose of adjudicating their claims.

## VI. Damages

62.    By virtue of Defendants various acts and omissions, Plaintiffs and all those employees

similarly situated have suffered damages in terms of loss of overtime compensation for

hours worked in excess of 40 per week for which they were not paid overtime premium

during the applicable liability period.

63.    Due to Defendants' wilful violation of the FLSA, Plaintiffs and all those employees

similarly situated are entitled to liquidated damages.

64.    Due to Defendants' wilful violation of MFWSA, Plaintiffs and all those employees

similarly situated are entitled to liquidated damages.

65.    Plaintiffs and all those employees similarly situated are entitled to recover their

reasonable attorneys fees, costs and pre-judgment interest.

## VII. Jurisdiction

66.    Jurisdiction is conferred upon this Court over Plaintiff's Fair Labor Standards Act claims

by virtue of 29 U.S.C. §216 and 28 U.S.C. §1331 and §1337.

67.    Jurisdiction is conferred upon this Court over Plaintiff's Ohio Minimum Fair Wage

Standards Act claims by virtue of 28 U.S.C. §1367(a), supplemental jurisdiction and 28

U.S.C. §1332, diversity jurisdiction.

## VIII. Venue

68.    Venue is proper in the Northern District of Ohio under 28 U.S.C. §1391(b) and (c)

because a substantial part of the events or omissions giving rise to the claims occurred in

this District. Plaintiff Infantino resides in this District and Defendants operate several

retail pharmacies and employ numerous class members in Summit, Cuyahoga, Portage,

Stark, Mahoning, Lorain and Medina counties as well as other counties within the

Northern District of Ohio.

## IX. Intradistrict Assignment

69.    This action arises in Summit County, Ohio as a substantial part of the events and

omissions which give rise to this claim occurred therein.  Therefore, this action is

appropriately assigned to the Eastern Division of the Northern District.

### COUNT I
### Fair Labor Standards Act - Overtime
### 29 U.S.C. §207

70.    Plaintiffs incorporate by reference each of the allegations contained in paragraphs 1

through 69 of this complaint as if fully rewritten herein.

71.    Defendants failure to pay overtime premium to Plaintiffs and all persons similarly

situated constitute violations of Fair Labor Standards Act.

## COUNT II
### Ohio Minimum Fair Wage Standards Act - Overtime
### R.C. §4111.

72.     Plaintiffs incorporate by reference each of the allegations contained in paragraphs 1

through 69 of this complaint as if fully rewritten herein.

73.     Defendants failure to pay overtime premium to Plaintiffs and all persons similarly

situated constitute violations of Ohio's Minimum Fair Wage Standards Act.

Wherefore, Plaintiffs, on behalf of themself and class members he seeks to represent and

all employees similarly situated who join this action the following relief:

1. FLSA claims:

A. Authorization to issue notice at the earliest possible time to all current and former

employees of Defendants who held the position of pharmacist for the three years preceding this

action, informing them that this action has been filed, the nature of the cation, and of their right

to opt in to this lawsuit if they worked in excess of forty (40 ) hours in a week during the liability

period but were not paid as required by FLSA;

B. A declaratory judgment that Defendants have violated the overtime provisions of the

FLSA, 29 U.S.C. §207, as to the Plaintiffs and persons similarly situated who opt in to this

action;

C. A declaratory judgment that Defendants' violations of the FLSA were wilful;

D. An award to the Plaintiffs and others similarly situated who opt in to this action of

damages in the amount of unpaid overtime compensation subject to proof at trial;

E. An award to Plaintiffs and others similarly situated who opt in to this action liquidated

damages in an amount equal in an amount to the overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b); if liquidated damages are not awarded, then in the alternative, pre-judgment interest;

F. An award to Plaintiffs and others similarly situated who opt in to this action of reasonable attorneys fees and costs pursuant to 29 U.S.C. §216(b);

G. Any other relief this Court may deem appropriate and just.

## 2. MFWSA Claims

A. Certification of the Ohio state law claims as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the proposed class;

B. Notice to the class members pursuant to Fed. R. Civ. P 23(c)(2), concurrent with the notice required pursuant to paragraph 1.A. above;

C. A declaratory judgment that Defendants have violated the overtime provisions of the MFWSA as to the Plaintiffs and the class;

D. A declaratory judgment that Defendants' violations of the MFWSA were wilful;

E. An award to the Plaintiffs and the class of damages in the amount of unpaid overtime compensation subject to proof at trial;

E. An award to Plaintiffs and the class liquidated damages in an amount equal in an amount to the overtime compensation shown to be owed pursuant to the MFWSA;

F. An award to Plaintiffs and the class pre-judgment interest;

G. An award to Plaintiffs and others similarly situated who opt in to this action of reasonable attorneys fees and costs;

H. Any other relief this Court may deem appropriate and just.

Respectfully submitted,

Dennis R. Thompson #0030098
Thompson Law Offices
Quaker Square #406
120 East Mill Street
Akron, Ohio 44308
330-374-0200
330-374-0404 (fax)
tmpsnlaw@akron.infi.net


George Emershaw #0001156
Emershaw, Mushkat & Schneier
Quaker Square #437
120 East Mill Street
Akron, Ohio 44308
330-376-5756
330-762-5980
gjemershaw@aol.com

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff, the class, and other similarly situated employees of CVS and former employees demand a jury trial for each of their claims and causes of action in the complaint to the extent authorized by law.

Dennis R. Thompson